## JACOB RUSSELL'S ADMR. v. JACOB RUSSELL'S HEIRS.

**Dower — Mansion-house — Rents and Profits.**

The widow is entitled to hold the mansion-house without charge until dower is assigned. Whether she occupied the premises or rented them out is not material, and her right to the rents and profits are clear.

APPEAL FROM SCOTT CIRCUIT COURT.

January 5, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Jacob Russell at his death owned no real estate except a house and lot in which he resided and which was occupied by his widow for some time after his death; out of the real estate no dower had been assigned the widow, and the only question presented by this record for our determination is to whom does the rent of this house and lot go? To the personal representative of the husband or the widow? *Section 9, article 4, chapter 47, Volume 2, Revised Statutes, page 26,* provides that the wife shall hold the mansion-house and curtilage without charge therefor until dower is assigned her out of the estate devised or descended. From the foregoing provision of the statute it seems to us the

question is not difficult of solution. The widow was entitled to hold the house and lot, which was the mansion of her husband, until dower was assigned her, and as that was not done, whether she occupied the premises herself or rented them out by herself or agent, was not material; her right to them and the rents or profits was clear. Nor is there any hardship in it. If the representative of her husband and those interested objected to her holding the house and lot, the way to put an end to it was plain and easy, but as long as they delayed assigning her dower in the real estate her right to hold the mansion-house, etc., was secured to her by law, and if they were rented out she was entitled to the rents.

Wherefore, the judgment limiting the right of the widow to the one-third of the $170.10, for which the premises had been rented, is reversed, and the cause is remanded,. with directions to render judgment for $170.10 for appellant and for further proceedings consistent herewith.

*J. M. Shephead, for appellant.*